# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Taylor Transportation, Inc., ) | **CHAPTER 11** |
| ) | **CASE NO. 15-30657** |
| Debtor. ) | |

## NOTICE AND MOTION FOR EXTENSION
## UNDER 11 U.S.C. §1129(e) AND MEMORANDUM

PLEASE TAKE NOTICE that the above-captioned Debtor and Debtor-in-possession (the "Debtor") is filing herewith its Motion and Memorandum for Extension of the Period for Confirmation of a Small Business Chapter 11 Plan set by 11 U.S.C. §1129(e) (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one). Under Local Bankruptcy Rule 9013-1, unless a written response to this motion and supporting memorandum are filed with the Clerk of Court and served on the moving party at least three (3) days before the scheduled hearing date, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the relief requested.**

**PLEASE TAKE FURTHER NOTICE that a hearing has been set on the Motion for October 21, 2015 at 12:30 P.M. before The Honorable Kevin R. Huennekens, Judge, in Courtroom 5000, U.S. Bankruptcy Court, 701 E. Broad Street, Richmond, VA 23219. If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within three (3) days before the hearing date you or your attorney must:**

File with the Court, at the address shown below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1. You must mail or otherwise file it early enough so the Court will **receive** it on or before the due date identified herein.

       Clerk of Court
       United States Bankruptcy Court
       701 E. Broad Street, Suite 4000
       Richmond, VA 23219-3515

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert B. Easterling, VSB #15552
2217 Princess Anne Street, Suite 100-2
Fredericksburg, Virginia 22401
(540) 373-5030
Fax (540) 373-5234
eastlaw@easterlinglaw.com
*Counsel for Debtor*

You must also serve a copy on:

    Robert B. Easterling, Esquire
    Counsel for Debtor, Taylor Transportation, Inc.
    2217 Princess Anne Street, Suite 100-2
    Fredericksburg, Virginia 22401

    Office of the U.S. Trustee
    701 E. Broad Street, Suite 4304
    Richmond, VA 23219-1849

If you or your attorney does not take these steps, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing.

## MOTION AND MEMORANDUM FOR EXTENSION UNDER 11 U.S.C. §1129(e) AND MEMORANDUM

Taylor Transportation, Inc., Debtor and Debtor in possession (the "Debtor"), hereby moves the Court, pursuant to §§1129(e) and 1123(e)(3) of the United States Bankruptcy Code (the "Bankruptcy Code"), for an order authorizing the extension of the period for confirmation of a small business chapter 11 plan. In support hereof, the Debtor respectfully represents as follows:

1. On February 11, 2015 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code as a "small business debtor" within the meaning of §101(51D).

2. The Debtor is continuing in possession of its property and is operating and managing its business as a Debtor-in-possession, pursuant to §§1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case, and no unsecured creditors committee or other committees have been appointed in this case.

2

3. 11 U.S.C. §1121(e) requires that a small business debtor file its plan and disclosure statement not later than 300 days after the date of the order for relief. On October 14, 2015, which is within the 300 day period, the debtor filed its proposed disclosure statement and plan of reorganization, together with accompanying exhibits.

4. Under 11 U.S.C. §1129(e), the Plan must be confirmed within 45 days after it is filed unless the time for confirmation is extended in accordance with 11 U.S.C. §1121(e)(3).

5. On October 15, 2015, Debtor's counsel was contacted by the Clerk's Office to schedule the combined hearing for final approval of the Debtor's Disclosure Statement and the Confirmation Hearing on the Debtor's Reorganization Plan. Debtor's counsel was advised that the only available court date which provided adequate time for notices required under the Bankruptcy Rules and which also fit within the 45 day period was November 24, 2015. Debtor's counsel immediately advised the Clerk that he had a confirmation hearing in a Chapter 11 case in the Alexandria Division of the U.S. Bankruptcy Court for the Eastern District of Virginia which was scheduled for the same date, and that he could not be available in Richmond on November 24, 2015.

6. The Code allows for an extension of the time for confirmation in a small business case. 11 U.S.C. §1121(e)(3) provides that the 45 days period may be extended if:

    (a) the debtor, after providing notice to parties in interest (including the United States Trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable time;

    (b) a new deadline is imposed a the time the extension is granted; and

    (c) the order extending time is signed before the existing deadline has expired.

7. The 45 day period to obtain confirmation of the Plan would expire on November 28, 2015, but because that day is a Saturday, the 45 day period would be computed to expire on November 30, 2015 under Bankruptcy Rule 9006(a)(1)(C).

8. Debtor understands and believes that the next available court date for hearing on final approval of the Disclosure Statement and for the hearing on confirmation of the Reorganization Plan after November 30, 2015 is December 2, 2015.

9. The exhibits which are attached to and incorporated in the Debtor's Disclosure Statement include information as follows:

   (a) Exhibit B – Identity and Value of Material Assets of Debtor
   (b) Exhibit C – Prepetition Financial Statements which include the 2012 and 2013 tax returns for the Debtor and a Profit and Loss Statement for 2014
   (c) Exhibit D – Most Recently Filed Postpetition Operating Report which covers the Debtor's operations for September, 2015 with the supporting bank statement
   (d) Exhibit E – Liquidation Analysis
   (e) Exhibit G – Projections of Cash Flow and Earnings for the Post-Confirmation Period which shows all of Debtor's income and expenses for the six month period from March, 2015 through September, 2015 (February was the month of filing of Debtor's Chapter 11 case) and provides a complete breakdown of expenses and projected amounts for distribution post-confirmation

10. Upon information and as shown on Debtor's schedules, the value of the Debtor's Property exceeds the claims filed and scheduled in this case. The equity in the Property and the business income from the operation of the property are understood and believed to provide adequate protection to the creditors and parties in interest in this case.

11. Debtor's Reorganization Plan proposes to make a 100% distribution to unsecured creditors.

12. In consideration of these facts, it is more likely than not that the Court will confirm a plan of the Debtor within a reasonable period of time.

13. In addition to the payments provided under the proposed Plan, Debtor has also made substantial payments pursuant to the terms of cash collateral and DIP Financing orders entered during its Chapter 11 case.

14. Upon information, Debtor is current with its post-petition tax obligations and fees owed to the Office of the United States Trustee.

### Memorandum

15. The Debtor, as a small business debtor, has filed its disclosure statement and plan of reorganization under §1121(e) of the Bankruptcy Code within a period of 300 days after the commencement of its chapter 11 case. Under 11 U.S.C. §1129(e), the Plan must be confirmed within 45 days after it is filed unless the time for confirmation is extended in accordance with 11 U.S.C. §1121(e)(3).

15. The Debtor has met, or is able to meet the requirements for extension under 11 U.S.C. §1121(e)(3) which allows the Court to extend the period in which the plan of reorganization is to be confirmed in a small business case. In this case, the Debtor has filed this motion to extend within the operative period of time.

16. In this case, cause exists for granting the Debtor the additional period of time to have its reorganization plan confirmed, and an extension of the operative period will not cause harm to the Debtor's creditors.

17. In *AMAP,* 403 B.R. at 247 the Court noted that limited case law had developed interpreting Section 1121(e)(3) but the plain language of 1121(e)(3) requires only that "the Court find by a preponderance of the evidence that it is more likely than not that the court will confirm

5

a plan within a reasonable amount of time, not necessarily *the* plan which is before the Court at the time of the hearing on the extension motion." Further, "the debtor is not required to put on a confirmation trial in order to obtain an extension of time to obtain confirmation." *Id.* at 248.

18.     Another recent case bearing on the issue is, *In re Crossroads Ford, Inc.,* 2011 WL 1195792 (Bankr.D.Neb. Mar. 29, 2011), which held that "a Chapter 11 small business debtor case is not required to be dismissed simply because the first plan filed by that debtor was not confirmed within 45 days of its filing." Although that is not the precise issue in this case at this time, that court further found that 11 U.S.C. § 1129(e)

> . . . does not appear to be a deadline for the debtor, but rather appears to be a mandate on the court. Practically speaking, it requires the court to override the normal time frames for notice and approval of a disclosure statement and plan confirmation date contained in Federal Rule of Bankruptcy Procedure 2002(b), which are 28 days for each. There is no penalty imposed on the debtor if the deadline is not met, in contrast to the result under § 362(e)(1), terminating the automatic stay unless the court rules in 30 days or the movant consents to an extension or the court finds a compelling reason for extension of the deadline for ruling. *In re Crossroads Ford, Inc.,* 2011 WL 1195792, at *3 (Bankr.D.Neb. Mar. 29, 2011).

19.     In this case, there is cause for extending the 45 day period for confirmation of the small business Chapter 11 Plan, the Debtor has timely moved for the extension, the Debtor's request is fully supported by the Exhibits filed with its Disclosure Statement and Reorganization, there would be no prejudice to creditors or parties in interest caused by the extension requested by the Debtor, and there would be substantial prejudice to all of the parties concerned if the extension is not granted.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting an extension of time to confirm the Plan under 11 USC §1129(e) in accordance with section 1121(e)(3)), and to grant such other relief as the Court may deem proper.

Dated: October 16, 2015 TAYLOR TRANSPORTATION, INC.

BY: /s/Robert B. Easterling
Robert B. Easterling, Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2015, I served by electronic service via the ECF Electronic Filing System, or by first class mail, postage prepaid, a copy of the Debtor's Notion and Motion with Memorandum for Extension Under 11 U.S.C. §1129(e) and Notice of Hearing on the United States Trustee, the creditors included on the list filed under FRBP 1007(d) (no unsecured creditors' committee having been appointed), and all secured creditors, as shown on the attached list.

/s/Robert B. Easterling
Robert B. Easterling

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Taylor Transportation, Inc.,        ) | **CHAPTER 11** |
| ) | **CASE NO. 15-30657** |
| Debtor.     ) | |

**ORDER GRANTING DEBTOR'S MOTION TO EXTEND**

On Motion of the Debtor and evidence submitted to the Court, the Court finding that all parties had been notified of the hearing, without objection; and

UPON CONSIDERATION OF Debtor's Motion to extend the time for confirmation under §1129(e) of the Bankruptcy Code and good cause having been shown, it is:

ORDERED, that the Motion is granted and the time for confirmation is extended to December 2, 2015.

Date: _____        _____
                                                        UNITED STATES BANKRUPTCY COURT

                                                        Entered on Docket: _____

I ASK FOR THIS:

_____
Robert B. Easterling, VSB #15552
2217 Princess Anne Street, Suite 100-2
Fredericksburg, Virginia 22401-3359
(540) 373-5030
(540) 373-5234 facsimile
eastlaw@easterlinglaw.com
*Counsel for Debtor*

2

## LOCAL RULE 9022-1(C) CERTIFICATION

    The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

_____

Robert Easterling

## PARTIES TO RECEIVE COPIES:

2

| | | |
|---|---|---|
| Judy A. Robbins<br>Office of the U.S. Trustee - Region 4 -R<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219-1849 | Commercial Credit Group Inc.<br>c/o Steven L. Higgs, P.C.<br>9 Franklin Road, SW<br>Roanoke, VA 24011-2403 | Premier Trailer Leasing, Inc.<br>c/o Roy M. Terry, Jr. Sands Anderson PC<br>P. O. Box 1998<br>Richmond, VA 23218-1998 |
| Rush Enterprises, Inc.<br>c/o Roy M. Terry, Jr. Sands Anderson PC<br>P. O. Box 1998<br>Richmond, VA 23218-1998 | Taylor Transportation, Inc.<br>92 Le Way Dr.<br>Fredericksburg, VA 22406-1030 | Ernest T. Fisher, Jr.<br>92 Le Way Dr.<br>Fredericksburg, VA 22406-1030 |
| ARCET Equipment Company<br>P.O. Box 26269<br>Richmond, VA 23260-6269 | American Home Assurance Co, Granite State et<br>American International Group, Inc.<br>Michelle A. Levitt, Authorized Represent<br>175 Water Street, 15th Floor<br>New York, NY 10038-4918 | (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 |
| Bowman Sales & Equipment<br>P.O. Box 433<br>Williamsport, MD 21795-0433 | Bowman Sales & Equipment, Inc.<br>dba Bowman Trailer Leasing<br>Thomas O. Britner<br>10228 Governor Lane Blvd. Suite: 3004<br>Williamsport, MD 21795-4064 | CSNK Working Capital Finance Corp dba Bay Vi<br>ATTN: Glen Shu, President<br>2933 Bunker Hill Lane, #210<br>Santa Clara, CA  95054-1152 |
| Chesapeake Petroleum<br>16821 Oakmont Avenue<br>Gaithersburg, MD 20877-4109 | Cintas<br>P.O. Box 630803<br>Cincinnati, OH 45263-0803 | Comdata, Inc<br>5301 Maryland Way<br>Brentwood, TN 37027-5028 |
| Commercial Credit Corporation<br>227 W Trade Street, Suite 1450<br>Charlotte, NC 28202-2664 | Commercial Credit Group, Inc.<br>c/o Steven L. Higgs, P.C.<br>9 Franklin Road, SW<br>Roanoke, Virginia 24011-2403 | County of Spotsylvania<br>Spotsylvania County Treasurer's Off<br>PO Box 100<br>Spotsylvania, VA 22553-0100 |
| D.C. Treasurer<br>P.O. Box 2014<br>Washington, D.C. 20013-2014 | De Lage Landen<br>1111 Old Eagle School Rd<br>Wayne, PA 19087-1453 | De Lage Landen Financial Services<br>1111 Old Eagle School Rd<br>Wayne, PA 19087-1453 |
| DeLage Landen Financial Services, Inc.<br>P.O. Box 41602<br>Philadelphia, PA 19101-1602 | DelDOT<br>119 Lower Beech Street, #100<br>Wilmington, DE 19805-4440 | DelDOT<br>c/o Law Enforcement Systems, LLC<br>P.O. Box 2182<br>Milwaukee, WI 53201-2182 |
| East Coast/MAPCO<br>626 Warrenton Road<br>Fredericksburg, VA 22406-1028 | Elizabeth River Crossing Tunnel<br>152 Tunnel Facility Drive<br>Portsmouth, VA 23707-1802 | Homeland Trucking, LLC<br>11765 Capital Lane<br>Fredericksburg, VA 22408-7325 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | John Deere<br>P.O. Box 4450<br>Carol Stream, IL 60197-4450 | John Deere Financial, f.s.b.<br>6400 NW 86th St<br>PO BOX 6600<br>Johnston, IA 50131-6600 |

| | | |
|---|---|---|
| Maryland Transportation Authority<br>P.O. Box 17600<br>Baltimore, MD 21297-1600 | Multimedia Sales & Marketing, Inc.<br>P.O. Box 5065<br>Buffalo Grove, IL 60089-5065 | NJ EZPass Turnpike<br>P.O. Box 52005<br>Newark, Nj 07101-8205 |
| New York State Dept. of Taxation & Finance<br>Bankruptcy Section<br>P.O. Box 5300<br>Albany, NY 12205-0300 | New York State Dept. of Taxation and Fin<br>P.O. Box 4127<br>Binghamton, NY 13902-4127 | Pennsylvania Turnpike Commission<br>P.O. Box 67676<br>Harrisburg, PA 17106-7676 |
| Premier Leasing<br>P.O. Box 644859<br>Pittsburgh, PA 15264-4859 | Premier Trailer Leasing<br>3600 William D Tate Ave<br>Suite 300<br>Grapevine, TX 76051-8722 | Premier Trailer Leasing<br>3600 William D Tate Ave<br>Suite 300<br>Grapevine, Texas 76051-8722 |
| Professional Account Management, LLC<br>P.O. Box 37038<br>Washington, D.C. 20013-7038 | Quarles Petroleum Inc.<br>1701 Fall Hill Avenue, #300<br>Fredericksburg, VA 22401-3565 | Quarles Petroleum Inc. t/a Quarles<br>Fleet Fueling<br>Attn: Lynn Sale<br>1701 Fall Hill Avenue<br>Fredericksburg, VA 22401-3571 |
| Rush Truck Center<br>3400 Lee Hill Drive<br>Fredericksburg, VA 22408-7328 | Southern States<br>11324 Tidewater Trail<br>Fredericksburg, VA 22408-2037 | Southern States<br>c/o Complete Payment Recovery Services<br>3500 5th Street<br>Northport, AL 35476-4723 |
| Southern States Cooperative, Inc.<br>Chad Rinard, Esq.<br>Whieford, Taylor & Preston<br>3190 Fiarview Park Drive, Suite 300<br>Falls Church, VA 22042-4559 | Spotsylvania County<br>Treasurer's Office<br>P.O. Box 100<br>Spotsylvania, VA 22553-0100 | Sprint<br>KSOPHT0101-Z4300<br>6391 Sprint Parkway<br>Overland Park, KS 66251-4300 |
| (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | Sprint Correspondence<br>Attn Bankruptcy Dept<br>PO Box 7949<br>Overland Park KS 66207-0949 | State Farm Mutual Auto Insurance Company<br>c/o Weltman, Weinberg & Reis Co,LPA<br>965 Keynote Circle<br>Brooklyn Heights, OH 44131-1829 |
| Tire Tread Service, Inc.<br>311 Bridgewater Street<br>Fredericksburg, VA 22401-3301 | UPS<br>P.O. Box 7247-0244<br>Philadelphia, PA 19170-0001 | UPS<br>c/o Receivables Management Services<br>7206 Hull Street Road, #211<br>Richmond, VA 23235-5826 |
| US Attorney<br>600 East Main Street, Suite 1800<br>Richmond, VA 23219-2430 | Vantassel Towing & Recovery LLC<br>26561 NYS Rt. 37<br>Watertown, NY 13601-5789 | |