**KUTAK ROCK LLP**
Riverfront Plaza
Jeremy S. Williams (VSB No. 77469)
901 East Byrd Street, Suite 10000
Richmond, Virginia  23219
Phone: (804) 644-1700
Jeremy.Williams@kutakrock.com
  *Counsel for Peter J. Barrett, Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| TAYLOR TRANSPORTATION, INC., | ) |
| | ) Case No. 15-30657-KRH |
| Debtor. | ) |
| | ) |

**TRUSTEE'S MOTION TO APPROVE**
**COMPROMISE WITH PREFERENCE DEFENDANTS**

Peter J. Barrett, Trustee for the Bankruptcy Estate of Taylor Transportation, Inc. (the "Trustee"), by counsel, moves for the entry of an order, substantially in the form of **Exhibit A** attached hereto, approving various settlements by and among the Trustee and A-1 Pronto Trucking Inc., CINTAS, Premier Trailer, Southern States Cooperative, Inc., Tire Tread Service, Ascension Insurance Agency, Inc., d/b/a Transure, and Truck Enterprises (collectively, the "Preference Defendants"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Trustee states the following in support of this motion:

**PARTIES AND JURISDICTION**

1. On February 11, 2015 (the "Petition Date"), Taylor Transportation, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in this Court. On October 6, 2016, the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code.

4818-3860-6924.1

2. The Preference Defendants are corporations or limited liability companies organized under Virginia law and/or authorized to do business in Virginia and are interested parties in these proceedings.

3. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's Bankruptcy estate.

4. This is a core proceeding pursuant to 28 U.S.C. § 157. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

## BACKGROUND

5. After his appointment, the Trustee reviewed the Debtor's books and records and determined that such books and records reflected that payments in the following amounts (the "Preference Payments") had been made to the Preference Defendants in the 90 days prior to the Petition Date:

| Preference Defendant | Amount |
| --- | --- |
| A-1 Pronto Trucking Inc. | $36,477.50 |
| CINTAS | $1,143.22 |
| Premier Trailer | $6,486.40 |
| Southern State Cooperative, Inc. | $19,200.00 |
| Tire Tread Service | $14,500.00 |
| Ascension Insurance Agency | $7,297.93 |
| Truck Enterprises | $14,700.11 |

6. Thereafter, the Trustee sent out demands letter to, among others, the Preference Defendants asserting that the Preference Payments were recoverable under 11 U.S.C. § 547 and

550 and demanding that the Preference Payments be returned to the Debtor's estate. In response, the Preference Defendants asserted various defenses under 11 U.S.C. § 547 including, among other things, contemporaneous exchanges, ordinary course of business, ordinary business terms and new value.

7. The Trustee and the Preference Defendants engaged in substantial settlement discussions regarding the claims asserted by the Trustee (the "Claims") and have each reached an agreement with each Preference Defendant. Each Preference Defendant has agreed to either return a portion of the Preference Payments received or waive a portion of its administrative claim. The financial terms of the settlements reached with the Preference Defendants are set forth below (the "Settlements"):

| .Preference Defendant | Settlement Terms |
| --- | --- |
| A-1 Pronto Trucking Inc. | Reduction in distribution on administrative claim by $3,435 |
| CINTAS | Payment to the estate in the amount of $857.42 |
| Premier Trailer | Reduction in the amount of the administrative claim by $4,000 |
| Southern State Cooperative, Inc. | Payment to the estate in the amount of $500.00 |
| Tire Tread Service | Payment to the estate in the amount of $1,000.00 |
| Ascension Insurance Agency | Payment to the estate in the amount of $3,648.97 |
| Truck Enterprises | Payment to the estate in the amount of $6,953.00 |

12. The Trustee, upon exercising his business judgment, has determined that the Settlements are in the best interest of the Debtor's estate.

## RELIEF REQUESTED

13. By this Motion, the Trustee respectfully requests the entry of the proposed Order attached hereto approving the Settlements.

## ARGUMENT

14. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

15. <u>The probability of success in litigation</u>. Although the Trustee believes his Claims are well founded, there exists the very real possibility that the Preference Defendants would

prevail in defending against such matters. As such, resolution as set forth in the Settlements is appropriate.

16. <u>The complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it</u>. The litigation in this case is factually intensive, require complex legal argument and would likely require an extended trial on the matter, along with the testimony of multiple witnesses and the production of numerous exhibits. The Trustee would incur substantial fees in proceeding to litigation and with the potential to obtain only a minimal recovery. The uncertainty, expenses, inconveniences and delays attending a trial can all be avoided under the settlement. This factor favors approval of the settlement.

17. <u>The paramount interest of the creditors</u>. The Settlements provides for an immediate transfer of funds to the estate, which in turn will provide a greater return to the creditors of the Debtor's estate, at a much lower administrative cost than contested litigation and as such, represents a reasonable settlement. Such a settlement will provide a guaranteed benefit to the estate without delay and avoid the potentially large administrative expenses of litigation. This factor favors approval of the settlement.

**WHEREFORE**, the Trustee requests the Court to approve the compromises and to award any further relief the Court deems proper.

                **PETER J. BARRETT, TRUSTEE**

                By /s/ Jeremy S. Williams
                        Counsel

———————————————————

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone:  (804) 644-1700
Facsimile:  (804) 783-6192
Jeremy.Williams@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

## **CERTIFICATE OF SERVICE**

   I hereby certify under penalty of perjury that on October 5, 2017, a true and exact copy of the foregoing was served via electronic mail and first-class mail on the following parties and the parties on the attached service list:

*Counsel to the Debtor*:
Robert Easterling
2217 Princess Anne St., Ste. 100-2
Fredericksburg, VA 22401
eastlaw@easterlinglaw.com

A-1 Pronto Trucking Inc.
c/o Daniel M. Press, Esq.
Chung & Press, P.C.
6718 Whittier Avenue, Ste. 200
McLean, VA 22101

Ascension Insurance Agency
Cindy Hansen
700 SE Central Parkway
Stuart, FL 34994

CINTAS
Accounts Receivable
555 James Madison Highway
P.O. Box 1207
Culpeper, VA 22701

Premier Trailer
c/o John C. Smith, Esq.
Sands Anderson PC
1111 East Main Street, Ste. 2400
Richmond, VA 23219

Southern States Cooperative, Inc.
c/o David W. Gaffey, Esq.
Whiteford Taylor Preston LLP
3190 Fairview Park Drive, Ste. 800
Falls Church, VA 22042

Tire Tread Service
c/o Robert B. Goodall, Esq.
Goodall, Pelt, Carper & North, P.C.
1259 Courthouse Road, Suite 101
Stafford, VA 22554

Truck Enterprises, Inc.
c/o Mark B. Callahan, Esq.
Clark & Bradshaw, P.C.
92 North Liberty Street
Harrisonburg, VA 22801

*Office of the U.S. Trustee:*
Robert B. Van Arsdale
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.VanArsdale@usdoj.gov


            /s/ Jeremy S. Williams
              Counsel

# EXHIBIT A

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia  23219
Telephone:  (804) 644-1700
Facsimile:  (804) 783-6192
Jeremy.Williams@kutakrock.com
  *Counsel for Peter J. Barrett, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) ) Chapter 7 |
| TAYLOR TRANSPORTATION, INC., | ) ) Case No. 15-30657-KRH |
| Debtor. | ) ) ) |

### ORDER APPROVING COMPROMISE WITH PREFERENCE DEFENDANTS

THIS MATTER comes before the Court upon the *Trustee's Motion to Approve Compromise With Preference Defendants* (the "Motion") filed Peter J. Barrett, Trustee for the Bankruptcy Estate of Taylor Transportation (the "Trustee"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, to approve the compromise reached with A-1 Pronto Trucking Inc., CINTAS, Premier Trailer, Southern States Cooperative, Inc., Tire Tread Service, Ascension Insurance Agency, Inc., d/b/a Transure, and Truck Enterprises (collectively, the "Preference Defendants").  Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. After his appointment, the Trustee reviewed the Debtor's books and records and determined that such books and records reflected that payments in the following amounts (the

"Preference Payments") had been made to the Preference Defendants in the 90 days prior to the Petition Date:

| **Preference Defendant** | **Amount** |
|---|---|
| A-1 Pronto Trucking Inc. | $36,477.50 |
| CINTAS | $1,143.22 |
| Premier Trailer | $6,486.40 |
| Southern State Cooperative, Inc. | $19,200.00 |
| Tire Tread Service | $14,500.00 |
| Ascension Insurance Agency | $7,297.93 |
| Truck Enterprises | $14,700.11 |

3.  Thereafter, the Trustee sent out demands letter to, among others, the Preference Defendants asserting that the Preference Payments were recoverable under 11 U.S.C. § 547 and 550 and demanding that the Preference Payments be returned to the Debtor's estate. In response, the Preference Defendants asserted various defenses under 11 U.S.C. § 547 including, among other things, contemporaneous exchanges, ordinary course of business, ordinary business terms and new value.

4.  The Trustee and the Preference Defendants engaged in substantial settlement discussions regarding the claims asserted by the Trustee (the "Claims") and have each reached an agreement with each Preference Defendant. Each Preference Defendant has agreed to either return a portion of the Preference Payments received or waive a portion of its administrative claim. The financial terms of the settlements reached with the Preference Defendants are set forth below (the "Settlements"):

| .Preference Defendant | Settlement Terms |
|---|---|
| A-1 Pronto Trucking Inc. | Reduction in distribution on administrative claim by $3,435 |
| CINTAS | Payment to the estate in the amount of $857.42 |
| Premier Trailer | Reduction in the amount of the administrative claim by $4,000 |
| Southern State Cooperative, Inc. | Payment to the estate in the amount of $500.00 |
| Tire Tread Service | Payment to the estate in the amount of $1,000.00 |
| Ascension Insurance Agency | Payment to the estate in the amount of $3,648.97 |
| Truck Enterprises | Payment to the estate in the amount of $6,953.00 |

5. The Trustee is duly authorized to enter into the Settlements on behalf of the Debtor's estate.

6. In exercising his business judgment, the Trustee has concluded the terms of the Settlements are fair and equitable and in the best interests of the Debtor's estate and creditors.

7. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences

and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* (citations omitted). These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burnham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

8. The Trustee conducted a cost-benefit analysis regarding these matters, including the costs associated with further litigation and the implications of his success, and has concluded the compromise is fair, reasonable and serves the best interests of the estate and the creditors. In consideration of the probability of success in litigation, the complexity of the litigation and the attending expense, inconveniences and delays, and the paramount interest of the creditors, the Court finds that the compromise is fair and reasonable. The Court adopts and approves of the Trustee's business judgment to enter into the compromise.

9. Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED and the Settlements are APPROVED.

2. The Trustee is authorized to take all necessary actions and execute all required documents to consummate the terms of any agreements executed in connection with the Settlements.

3. The Court retains jurisdiction to resolve any issues arising in connection with the Settlement Agreement.

4. All necessary parties shall receive a copy of this Order via the Court's ECF system.

ENTERED: _____

UNITED STATES BANKRUPTCY COURT JUDGE

Order submitted by:

/s/ _____
**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Riverfront Plaza
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
Jeremy.Williams@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

### CERTIFICATION OF ENDORSEMENT
### UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/  *Jeremy S. Williams*